RENDERED: JULY 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0549-MR

ALEXANDER L. RUFF                                                     APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MITCH PERRY, JUDGE
ACTION NO. 08-CR-003686

COMMONWEALTH OF KENTUCKY[1]                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2011, Alexander Ruff ("Ruff") was convicted by a

Jefferson Circuit Court jury of wanton murder and first-degree robbery. He was

sentenced to life imprisonment without the possibility of probation or parole for

twenty-five years. The Supreme Court of Kentucky affirmed his conviction and

---

[1] Appellant named the Attorney General and the Jefferson Commonwealth Attorney in the body of his notice of appeal. The caption of the notice of appeal correctly names the Commonwealth of Kentucky as the Appellee.

sentences. *Ruff v. Commonwealth*, No. 2011-SC-000640-MR, 2013 WL 1789861 (Ky. Apr. 25, 2013).

Ruff filed multiple unsuccessful post-conviction motions pursuant to RCr[2] 11.42 and CR[3] 60.02. On April 11, 2024, Ruff filed another CR 60.02 motion, the denial of which he now appeals, *pro se*. Therein, Ruff argued that he had a new mental/psychological diagnosis related to seizures he had near the time of the murder and robbery that suggests he may have had psychosis at the time. In denying his motion, the trial court reasoned as follows:

> Mr. Ruff has had his day in court. His case has been fully tried and adjudicated at all levels of the Kentucky judicial system. His continued displeasure at receiving the same result at every stage is insufficient to justify overturning a thirteen year old conviction. Mr. Ruff's claims in his new CR 60.02 Motion should have been presented in his initial CR 60.02 Motion, but were not. The Court is not required to entertain a piecemeal assault on his conviction in perpetuity. Mr. Ruff's motion here is barred both procedurally and as unreasonably late.

> Further, the Court has previously warned Mr. Ruff against continued filing of frivolous *pro se* motions and correspondence. Mr. Ruff has ignored that instruction and has continued his practice of filing repetitive and exceedingly nonsensical motions. The Court reiterates that while the courts of the Commonwealth are open to all, there are specific rules and procedures that all parties must abide by in order to access the courts. The Court

---

[2] Kentucky Rules of Criminal Procedure.

[3] Kentucky Rules of Civil Procedure.

does not take the issuance of such a warning lightly but again directs Mr. Ruff to cease filing repetitive and frivolous *pro se* pleadings. Any such further filings may be summarily rejected in the discretion of the Court. *See Caldwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011); *In re McDonald*, 489 U.S. 180, 184 (1989); *Prescott v. Commonwealth*, 572 S.W.3d 913, 919 (Ky. App. 2019).

Ruff appeals from that order to this Court as a matter of right. For the following reasons, we AFFIRM.

## STANDARD OF REVIEW

"We review the denial of a CR 60.02 motion for an abuse of discretion." *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citation omitted). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted).

## ANALYSIS

A CR 60.02 motion is an "extraordinary remedy" only available to correct a "substantial miscarriage of justice." *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966). It is well-settled that a motion pursuant to CR 60.02 is not a substitute for a direct appeal or a motion pursuant to RCr 11.42. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). "Similarly, CR 60.02 does not permit successive post-judgment motions, and the rule may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley*, 425 S.W.3d at 884 (citation omitted); *see also Gross v. Commonwealth*, 648 S.W.2d 853, 856-57 (Ky. 1983) (discussing the interrelationship between CR 60.02 and RCr 11.42).

In the present case, the trial court found that Ruff's CR 60.02 claims were either duplicative of those raised in his previous post-judgment motions, could have been raised therein, were untimely, or were otherwise unpersuasive. As to timeliness, the Commonwealth correctly cites that this Court has affirmed denials of CR 60.02 motions for delays that are the same as or much shorter than the present case. *See Djoric v. Commonwealth*, 487 S.W.3d 908, 910 (Ky. App. 2016) (thirteen-year delay unreasonable); *Graves v. Commonwealth*, 283 S.W.3d 252, 257 (Ky. App. 2009) (seven-year delay unreasonable); *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007) (four-year delay

unreasonable). Having reviewed the arguments presented, we cannot conclude that the trial court abused its discretion here.

Lastly, the Commonwealth requests that we order the trial court to impose sanctions on Ruff if he continues to file successive post-conviction motions. In support, the Commonwealth notes that the trial court already has warned Ruff about repeated filings and further cites to *Berry v. Commonwealth*, 624 S.W.3d 119, 121-22 (Ky. App. 2021) (directing the trial court "to deny Berry any future requests to proceed *in forma pauperis* on collateral attacks of this conviction."). We believe that the trial court's admonition in the present case is sufficient and that it may exercise its discretion accordingly.

## **CONCLUSION**

For the foregoing reasons, the order of the Jefferson Circuit Court denying Ruff's CR 60.02 motion is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Alexander L. Ruff, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky